**JUN JIAN ZHENG, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Michael Chertoff, Secretary of the Department of Homeland Security, and Department of Homeland Security, Respondents.**

No. 03–40020–ag.

United States Court of Appeals,
Second Circuit.

Aug. 29, 2007.

Douglas B. Payne, New York, New York, for Petitioner.

Thomas P. Colantuono, United States Attorney for the District of New Hampshire, Aixa Maldonado–Quiñones, Assistant U.S. Attorney, Concord, New Hampshire, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Jun Jian Zheng, a citizen of the People's Republic of China, seeks review of a May 5, 2003 order of the BIA denying his motion to reopen his removal proceedings. *In re Jun Jian Zheng,* No. A70 530 107 (BIA May 5, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

Our review of the record discloses no abuse of discretion in the BIA's denial of Zheng's motion to reopen based on ineffective assistance of counsel, because Zheng failed to comply with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988).

Zheng argues that it would have been futile to comply with the requirements of *Matter of Lozada* because Robert Porges, one of the attorneys at the law firm representing him during the time of his immigration proceedings, had been disbarred. However, Zheng was represented during

his asylum hearing by a different attorney from the Porges Law Firm, Victor Ocampo, Esq., and it is not alleged that Ocampo has been disbarred or is otherwise not in good standing.

Alternatively, Zheng argues that he need not comply with *Lozada* because counsel Ocampo's error was clear from the record, given his admission to the IJ that he was unprepared, and his willingness to continue nevertheless. *Cf. Yi Long Yang v. Gonzales,* 478 F.3d 133, 142 (2d Cir. 2007) (requiring "substantial compliance" not "slavish adherence" to *Lozada* where the attorney who rendered ineffective assistance was eventually disbarred and claim of ineffective assistance is "clear on the face of the record."). But, Zheng has failed to establish that he was prejudiced by a deficiency in performance. Zheng's motion did not specify evidence that Ocampo failed to introduce or witnesses whom he did not call, or what other facts Zheng would have testified to if better prepared. Accordingly, the BIA properly denied his motion. *Id.* (citing *Esposito v. INS,* 987 F.2d 108, 111 (2d Cir.1993)).

█ Furthermore, we need not decide whether the BIA erred by failing to consider the medical report Zheng offered in support of his motion to reopen, because there is no realistic possibility that any such error alters the result on remand. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401 (2d Cir.2005). Zheng's motion failed to present material evidence that could not have been presented at the prior hearing. *See* 8 C.F.R. § 1003.2(c)(1). Zheng offers no explanation why he could not have seen the doctor at an earlier date, so that his report could be submitted at his

hearing. Second, the medical report offers no new information to support the claim that Zheng suffered persecution, directly or derivatively by reason of his wife's alleged forcible sterilization. *See Kaur,* 413 F.3d at 233–34.[1] Lastly, Zheng's motion was untimely filed and he does not allege any "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Consequently, we need not decide whether the BIA erred by failing to consider the medical report; even if there was error, remand to the BIA to consider it would be futile as we can confidently predict that the agency would reach the same conclusion in any event. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. Even if Zheng had been deemed credible, we recently held that "the fact that an individual's spouse has been forced to have an abortion or undergo involuntary sterilization does not, on its own, constitute resistance to coercive family planning policies." *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2nd Cir.2007) (*en banc*).